IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| TRAVIS HOLMES HAMITER, | ) | C/A No. 2:14-cv-03464-RBH-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | REPORT AND RECOMMENDATION |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Travis Holmes Hamiter, through counsel, brought this action to obtain judicial review of an unfavorable final administrative decision denying benefits on his December 9, 2008, application for child's insurance benefits ("CIB") under the Social Security Act ("Act"). *See* Section 205(g) of the SSA, as amended, 42 U.S.C. Section 405(g). This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B).

**Procedural History and ALJ's Findings**

The Plaintiff was born December 19, 1967 and was 5 years old on the alleged onset of disability date, January 1, 1973. (R. 22). The Plaintiff filed for CIB on December 9, 2008. (R. 159.) The Plaintiff's claims were initially denied and denied on reconsideration. Following a hearing, the Administrative Law Judge (ALJ) denied his claim on April 11, 2011. (R. 27.) The Plaintiff has exhausted his administrative remedies. The ALJ's decision is now the Commissioner's final action for purposes of judicial review. In making the determination that

the Plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the ALJ's April 11, 2011 Decision (Id.):

> (1) Born on December 19, 1967, the claimant had not attained age 22 as of January 1, 1973, the alleged onset date (20 CFR 404.102 and 404.350(a)(5)).
>
> (2) The claimant has not engaged in substantial gainful activity since January 1, 1973, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> (3) Prior to attaining age 22, the claimant had the following severe impairments: adjustment reactive disorder and controlled seizure disorder with some continuing "lightening" episodes. (20 CFR 404.1520(c)).
>
> (4) Prior to attaining age 22, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).
>
> (5) After careful consideration of the entire record, I find that, prior to attaining age 22, claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Due to seizure precautions, he should avoid hazards such as moving machinery and heights. Due to his mental impairment, he should only be required to interact with the general public no more than occasionally. He could have no more than occasional team-type work with co-workers but not excluding working in the presence of others or providing or receiving assistance from others. He should not be required to make frequent adaptations to abrupt, unexpected changes in the work routine. He should have no more than occasional writing of detailed reports.
>
> (6) The claimant has no past relevant work (20 CFR 404.1565).
>
> (7) The claimant was born on December 19, 1967 and was 5 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> (8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416-964).
>
> (9) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).
>
> (10) Prior to attaining age 22, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a)).

> (11)   The claimant has not been under a disability, as defined in the Social Security Act at any time prior to December 18, 1989, the daet he attained age 22 (20 CFR 404.350(a)(5) and 404.1520(g)).

(R. 20-27.)

In a prior ALJ decision dated October 22, 1993, Plaintiff was awarded DIB and SSI with an onset date of May 24, 1992, when Plaintiff was 24 years old (R. 97-100.) In that decision, the ALJ determined that Plaintiff met Listing 12.08; however, the decision did not contain any relevant medical evidence from December 1985, the month he turned age 18, through December 1989, the month he turned age 22. (R. 23, 97-100.)

## Applicable Law

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. *See* 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 4, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. § 404.1520.  If an individual is found not disabled at any step, further inquiry is unnecessary. *See* 20 C.F.R. § 404.1520(a)(4); *see also Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* SSR 82-62, 1982 WL 31386, at *3. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). He must make a *prima facie* showing of disability by showing that he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983); *see also Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. *See Grant*, 699 F.2d at 191. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *See id.* at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner "are supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Richardson v. Perales*, 402 U.S. 389 (1971); 42 U.S.C. § 405(g). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

*Smith v. Chater*, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted). Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

CIB is limited to claimants that are eighteen years old or older and have a disability within the meaning of the Social Security Act that began before attaining age twenty-two. 20 C.F.R. § 404.350(a)(5). In making such a determination, the ALJ follows the same five-step sequential analysis as for adult disability references. 20 C.F.R. § 404.1520(a)-(f); *see* 42 U.S.C. §§ 402(d)(1), 423(d)(1); 20 C.F.R. § 404.350. Although Plaintiff alleged an earlier onset date of January 1, 1973, he only became eligible for CIB when he attained age 18. 20 C.F.R. § 404.350(a)(5); *see also Reynolds v. Colvin*, 2014 WL 4852242 (S.D.W.Va. August 19, 2014) (stating that the relevant period for Plaintiff's CIB claim was from ages 18-22); *Omori v. Colvin*, 2015 WL 58387 (N.D.N.Y. January 5, 2015). Therefore, the period of alleged disability relevant to this analysis is December 19, 1985, the date on which Plaintiff reached the age of eighteen, through December 19, 1989, the date when Plaintiff reached age twenty-two. *See Jones v. Astrue*, 2009 WL 3834383 (E.D.Va. November 16, 2009) (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

The Plaintiff filed a short brief alleging only one error on the part of the ALJ. The Plaintiff alleges that "the ALJ…should have considered whether the claimant was entitled to a closed period of disability, from the age of 7, when he was placed on medications for a seizure disorder, until the age of 14." (Dkt. No. 9 at 2.) The Plaintiff's assignment of error is not supported by law as it does not pertain to the relevant time period when the Plaintiff was eligible for CIB. The Plaintiff cites *White v. Comm'r of Soc. Sec.*, 572 F.3d 272 (6th Cir. 2009) to support his claim. *White* is the only citation to law in the Plaintiff's brief. In *White* the Sixth Circuit affirmed the district court's affirmation of the ALJ's decision that a claimant was entitled to disability benefits for a limited period of time between 2002 and 2004. 572 F.3d at 274. The claimant in *White* was 27 when she applied for disability benefits in June of 2003, and she claimed a disability onset date of December 15, 1999. *Id*. at 279. *White* does not address CIB in any way. *White* has no bearing on the Plaintiff's issue in the case at bar. The Plaintiff is requesting disability be awarded for a limited period of time when he was not eligible for CIB. Because he was not eligible for CIB at the time he claims he is entitled to benefits, the Plaintiff cannot receive CIB.

The court has reviewed the ALJ's decision in detail and examined the record. The ALJ followed the sequential process. The ALJ's decision is supported by substantial evidence. "A claimant for disability benefits bears the burden of proving a disability…." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). For the relevant period of December 19, 1985, through December 19, 1989, very little relevant medial evidence was presented. There is no evidence that Plaintiff experienced any seizure activity or required neurological treatment during the relevant period and had a normal EEG on April 5, 1989. (R. 408 & 413.)

George Rekers, Ph.D., completed a "To Whom It May Concern" letter dated January 18, 2010, indicating that he recalled diagnosing the Plaintiff with bipolar disorder and acute adjustment disorder "in or around September, 1985." (R. 308.) Dr. Rekers no longer maintained his records from the time he treated the Plaintiff, but he contended that he provided individual psychotherapy to Plaintiff until the termination of his care in 1989 (*Id.*). Dr. Rekers did not provide any information regarding the severity of Plaintiff's impairments (I*d.*).

The record contained a two-sentence long letter dated May 13, 1987 signed by George Holmes, Ph.D., indicating that Plaintiff had been successful despite being diagnosed with epilepsy and dyslexia (R. 268.)  A note written on a prescription pad dated May 15, 1987 and signed by A. Daniel Vallini, M.D. noted that Plaintiff had a learning disorder and he should be given up to six hours to complete the SAT examination. (Tr. 269). The record does not contain any clinical notes or objective medical findings from the relevant period documenting that Plaintiff had an impairment that precluded any work activity (R. 25).

In March 2009, a state agency psychologist, Samuel Goots, Ph.D., reviewed the evidence in connection with Plaintiff's application (R. 279-92). He stated that there was insufficient evidence of an impairment between November 30, 1984 (the month prior to Plaintiff's eighteenth birthday) and December 18, 1989 (the day prior to Plaintiff's twenty-second birthday), the relevant time period for Plaintiff's CIB application (*Id.*) This court finds that the Plaintiff's assignment of error is not supported by law and that the ALJ's decision is supported by substantial evidence.

## Recommendation

Wherefore, based upon the foregoing, the court recommends that the Commissioner's decision be **AFFIRMED**,

IT IS SO RECOMMENDED.

January 19, 2016            _____
                            MARY GORDON BAKER
Charleston, South Carolina  UNITED STATES MAGISTRATE JUDGE